UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

PETER ALLEN,

                    Plaintiff,

    -against-

CARL KOENIGSMANN, et al.,

                    Defendants.

No. 23-CV-5651 (LAP)

MEMORANDUM AND ORDER

LORETTA A. PRESKA, Senior United States District Judge:

    Before the Court are the letter motions submitted by
Defendants Carl Koenigsmann, Susan Mueller, and David Dinello
(the "State-Represented Defendants"), (see dkt. no. 46), and
Defendants Ann Andola and Mikhail Gusman (the "Non-State-
Represented Defendants"), (see dkt. no. 49), asking the court to
strike the statement Plaintiff submitted pursuant to Local Rule
56.1 in support of his opposition to Defendants' motions for
summary judgment.  Plaintiff filed a letter response in
opposition, (see dkt. no. 47), to which the State-Represented
Defendants and Non-State-Represented Defendants filed separate
letter replies, (see dkt. nos. 51, 52).

    For the reasons set forth below, Defendants' motions to
strike are DENIED.  However, the Plaintiff is the above-
captioned and the plaintiffs in cases listed below shall file
amended briefs in opposition to Defendants' motions for summary
judgment no later than February 20, 2024.  Defendants shall have

1

until March 12, 2024, to file their reply briefs in the above-captioned case and in each case listed below.

I.  **Background**

    A.  Plaintiffs' 56.1 Statements

On November 15, 2023, the Non-State-Represented Defendants filed their motion for summary judgment in the above-captioned case.  (See dkt. no. 17).  The following day, the State-Represented Defendants filed their motion for summary judgment. (See dkt. no. 26.)  The defendants in the ten related cases listed below (the "Related Cases"), some of whom are the same as the Defendants in the above-captioned case, filed motions for summary judgment in the Related Cases on or about the same day.

On December 17, 2023, Plaintiff filed a letter motion requesting, inter alia, leave to file a single "Master Statement of Undisputed Facts pursuant to Local Rule 56.1" in support of his opposition to Defendants' motions for summary judgment in the above-captioned case and in support the oppositions filed by the plaintiffs in the Related Cases.  (Dkt. no. 36, at 1.) Plaintiff also requested that the Court grant him and each plaintiff in the ten Related Cases ("Plaintiffs") leave to file a uniform omnibus brief in opposition to Defendants' motions for summary judgment in the above-captioned case and in each of the Related Cases.  (See id.)

Plaintiff attached to his letter motion the proposed "Master Statement of Undisputed Facts," pursuant to which Plaintiffs would respond in a single document to the distinct statements of undisputed facts that the Defendants in the Related Cases had filed separately, pursuant to Local Rule 56.1, in support of their respective motions for summary judgment. (See dkt. no. 36-1).  In the proposed Master Statement of Undisputed Facts attached to Plaintiffs' letter motion, the Plaintiffs would (1) aggregate the 349 total statements of fact the Defendants in the Related Cases had included across their separate 56.1 Statements and respond uniformly to those 349 total paragraphs, and (2) include a single affirmative counterstatement of undisputed facts with uniform, identical statements across each of the eleven Related Cases.  (See id. at 110.)

On December 18, 2023, the Court denied Plaintiffs' request to file a single Master Statement of Undisputed Facts.  (See dkt. no. 38.)  Because the Court found that its "analysis of the facts in each individual case is best served by submitting individual statements pursuant to Rule 56.1," it ordered each Plaintiff in each of the Related Cases to "file a separate statement pursuant to Rule 56.1."  (Id. at 2.)  In the same order, the Court granted Plaintiffs' request to file in each Related Case the same omnibus brief in opposition to Defendants'

3

summary judgment motions (the "Omnibus Opposition Brief").  (See id. at 1.)

On January 1, 2024, Plaintiff filed his Response to Defendants' Statement of Undisputed Facts and Statement of Additional Material Facts Precluding Summary Judgment, pursuant to Local Rule 56.1 (the "Allen 56.1 Statement").  (See dkt. no. 40.)  Each Plaintiff in the Related Cases filed his respective 56.1 Statement shortly thereafter ("Plaintiffs' 56.1 Statements").  (See, e.g., Daniels v. Mueller, 23-cv-5654, dkt. no. 28, dated January 5, 2024.)  Plaintiffs filed their Omnibus Opposition Brief in each Related Case by January 8, 2024.  (See, e.g., dkt. no. 45.)

Plaintiffs' 56.1 Statements each contain two sections, akin to what Plaintiffs had proposed for their Master Statement of Undisputed Facts.  The first section—a "Response to Defendants' Statement of Undisputed Facts"—contains responses and objections to each paragraph of Defendants' statements of undisputed facts. (See dkt. no. 40 at 1-39.)  Each Plaintiff's responses and objections to Defendants' 56.1 statements are plainly individualized for each Related Case and distinct from the other Plaintiffs' responses and objections to Defendants' 56.1 statements in the other Related Cases.

The second section—"Plaintiffs' Statement of Additional Material Facts Precluding Summary Judgment" (the

"Counterstatement")—is just as plainly uniform across all eleven Related Cases.  The content of each of Plaintiffs' Counterstatements is identical.  They contain the same 159 paragraphs.  (See id. at 39-66.)  Further, each paragraph in Plaintiffs' Counterstatement contains one or more citations to the record in one of the Related Cases or in Allen v. Koenigsmann, 19-cv-8173.  Every single one of those citations is identical.

The first ninety-seven paragraphs in the Counterstatement pertain largely to the policies implemented or carried out by Defendants in the Related Cases or by their employer, each of the medications at issue in the Related Cases, and Defendants' relative qualifications.  (See id. at 39-56.)  Plaintiffs use the remaining sixty-two paragraphs to describe the medical treatment that each of the eleven Plaintiffs received while in Defendants' care.  (See id. at 56-66.)  Each Plaintiff includes statements about Plaintiffs in the Related Cases who are not parties to his individual case.  For instance, Plaintiff in the above-captioned case dedicates ten paragraphs each to the medical treatment of Aaron Dockery and Hugh Knight, two Plaintiffs in Related Cases who are not parties to the above-captioned case.  (See id. at 58-59, 61-62.)  In contrast, Plaintiff includes in his 56.1 Statement only six paragraphs about his own medical treatment.  (See id. at 56-57.)

B.   <u>The Instant Motion</u>

The Defendants in each of the Related Cases now ask the Court to strike Plaintiffs' 56.1 Statements.  (<u>See</u> dkt. nos. 46, 49.)  The State-Represented Defendants request, in the alternative, to be relieved of any obligation to respond to the portions of Plaintiffs' Counterstatements that do not specifically reference the medical treatment provided to the individual plaintiff in each case and ask the Court to deem other paragraphs not specific to a particular case as not admitted for the purposes of the pending summary judgment motions in the Related Cases.  (<u>See</u> dkt. no. 46 at 2).  Both the State-Represented Defendants and Non-State-Represented Defendants also propose, as a third alternative, that the Court require each Plaintiff to submit separate counterstatements in each case limited only to the facts particular to each individual Related Case.  (<u>See</u> dkt. no. 49 at 2; dkt. no. 52 at 2.)

Defendants argue that Plaintiffs' Counterstatement is improper because it violates the Court's order requiring individualized 56.1 statements, improperly includes argumentative language, and burdens Defendants with a numerosity of facts beyond what is permitted by Local Rule 56.1.  (<u>See</u> dkt. no. 46 at 1-2; dkt. no 49 at 1-2; dkt. no. 52 at 1-2.)

In opposition, Plaintiffs note that, pursuant to this Court's order, each Plaintiff filed separate responses and objections to each of Defendants' own 56.1 Statements.  (See dkt. no. 47 at 1.)  Plaintiffs admit that they filed uniform Counterstatements pursuant to Local Rule 56.1(b) because "Plaintiffs' prosecution is the same case-to-case."  (Id.) Plaintiffs assert that uniformity is required because the Related Cases "are about implementation of a DOCCS-wide policy which harmed patients over-and-over in the exact same way." (Id. at 1-2.)  Therefore, Plaintiffs state, "the background to the MWAP Policy, including the involvement of the Regional Medical Directors ('RMDs') thereto, the abuse liability of MWAP medications, the Defendants' confessions to how they actually reviewed MWAP Request Forms, and the conclusions of Plaintiffs' expert," which Plaintiffs included in their Counterstatement, are all relevant.  (Id. at 2.)

## II.   **Legal Standard**

Local Civil Rule 56.1 governs the statements of material facts that parties must submit in support and in opposition to motions for summary judgment.  See Local Rule 56.1.  It includes the following:

> (a)   Upon any motion for summary judgment . . . there shall be annexed to the notice of motion a separate, short and concise statement, in numbered paragraphs, of the material facts as to which the

> moving party contends there is no genuine issue to
> be tried . . . .

> (b)  The papers opposing a motion for summary judgment
> shall include a correspondingly numbered paragraph
> responding to each numbered paragraph in the
> statement of the moving party, and if necessary,
> additional paragraphs containing a separate, short
> and concise statement of additional material facts
> as to which it is contended that there exists a
> genuine issue to be tried.

Id.

Thus, Local Rule 56.1(b) permits a "non-movant to provide a separate statement, apart from th[e] paragraph-by-paragraph response" to the movant's statement required by subsection (a), "in which it lists other facts it claims to be in dispute." Rodriguez v. Schneider, 1999 WL 459813, at *1 n.3 (S.D.N.Y. June 29, 1999), aff'd, 56 F. App'x 27 (2d Cir. 2003).  Local Rule 56.1 does not, however, provide for "a responsive 56.1 Statement to include additional facts that are not in dispute but that a party opposing summary judgment simply thinks are important[.]" Ostreicher v. Chase Bank USA, N.A., 2020 WL 6809059, at *1 n.1 (S.D.N.Y. Nov. 19, 2020).  Any additional facts included in a counterstatement filed pursuant to Local Rule 56.1(b) "should be confined to material facts in dispute." Id.  Further, parties' 56.1 statements "are not argument, . . . should contain factual assertions with citation to the record," and "should not contain conclusions." Rodriguez, 1999 WL 459813, at *1 n.3.

Because courts "generally disfavor motions to strike," any party seeking to strike a Rule 56.1 statement "bears a heavy burden[.]" <u>Mayaguez S.A. v. Citigroup, Inc.</u>, 2021 WL 1799653, at *6 (S.D.N.Y. Apr. 30, 2021) (internal quotations and citations omitted).  In addition, courts have discretion to decline to strike an improper 56.1 statement and consider only admissible evidence instead.  <u>See Nat'l Coal. on Black Civic Participation v. Wohl</u>, 661 F. Supp. 3d 78, 107 (S.D.N.Y. 2023). Pursuant to such discretion, courts in this Circuit "'frequently deny motions to strike paragraphs in Rule 56.1 statements, and [instead] simply disregard any improper assertions.'" <u>Mayaguez</u>, 2021 WL 1799653, at *6 (quoting <u>Ross Univ. Sch. of Med., Ltd. v. Brooklyn-Queens Health Care, Inc.</u>, 2012 WL 6091570, at *6 (E.D.N.Y. Dec. 7, 2012), <u>R&R adopted</u>, 2013 WL 1334271 (Mar. 28, 2013)).

## III.    Discussion

Plaintiffs in the Related Cases clearly violated this Court's order requiring each Plaintiff to file separate 56.1 statements to enable the Court to assess independently each case's set of facts.  (<u>See</u> dkt. no 38 at 2.)  Each Plaintiff abided by this Court's order with respect to his individualized responses and objections to the Defendants' 56.1 statements. (<u>See</u>, <u>e.g.</u>, dkt. no. 40 at 1-39.)  However, the uniform Counterstatement each Plaintiff filed as the second part of his

56.1 Statement is in no way individualized or separate, as the Court directed.

The Counterstatement contains 159 identical paragraphs, approximately one-third of which present additional facts about individuals who are not parties to the case in which it was filed.  No reader could review the statements about Hugh Knight and Aaron Dockery included in the Counterstatement filed in the above-captioned case and conclude that Plaintiff submitted an "individual" counterstatement of facts, as the Court ordered. (See id. at 58-59, 61-62; see also dkt. no. 38 at 2.)

In addition, Plaintiffs' Counterstatement uniformly includes several dozen paragraphs about the implementation and operation of the medications with abuse potential policy (the "MWAP Policy") that the New York State Department of Corrections and Community Supervision ("DOCCS") once maintained, as well as certain Defendants' interpretations of and actions taken pursuant to the MWAP Policy.  (See Counterstatement, dkt. no. 40 ¶¶ 19-38, 54-69.)  Plaintiffs also included several paragraphs about certain Defendants' access to inmate records, (see id. ¶¶ 39-47), and the efficacy and abuse potential of certain medications, (see id. ¶¶ 71-80).

The inclusion of these statements, which apply broadly to the factual background against which each Related Case rests,

does not appear to supply additional facts that are confined to the material facts <u>particular</u> to each case.

A survey of Defendants' respective 56.1 Statements and memoranda of law in support of their motions for summary judgment demonstrates why.  They reveal varying levels of detail about the MWAP Policy that DOCCS maintained.  For instance, State-Represented Defendants in the above-captioned action included five paragraphs in their 56.1 Statement and a single paragraph in their memorandum of law about the broader MWAP Policy beyond its application to Plaintiff.  (<u>See</u> dkt. no. 33 ¶¶ 5-9; dkt. no. 27 at 3).  They hardly address the broader context of the MWAP Policy.  By contrast, in Related Case <u>Hernandez v. Mueller</u>, 23-cv-5661, Non-State-Represented Defendant Kathleen Mantaro dedicated about four pages in her memorandum of law and the majority of her 56.1 Statement to the implementation, procedures, and enforcement of the MWAP Policy.  (<u>See Hernandez v. Mueller</u>, 23-cv-5661, dkt. no 25, dkt. no. 36 at 2-5.)

Plaintiffs' submission of precisely the same facts in response to Defendants' varied attention to the MWAP Policy illustrates how they disobeyed the Court's order.

Similarly, Plaintiffs' inclusion in the Counterstatement of additional facts about certain medications which are at issue in some, but not all, Related Cases demonstrates the scattershot

11

approach with which Plaintiffs failed to present facts that
create genuine disputes particular to each case, in which each
Plaintiff has a different history of medical treatment.  (See,
e.g., Counterstatement, dkt. no. 40, ¶¶ 79-80.)

For much the same reason, Plaintiffs' Counterstatement also
runs afoul of Local Rule 56.1(b).  Such counterstatements are
permitted so that non-movants may present "additional material
facts as to which it is contended that there exists a genuine
issue to be tried."  Local Rule 56.1(b) (emphasis added).  The
statements should, therefore, provide the Court with new
information—beyond what the movant in a particular case has
submitted—that creates genuine disputes about the material facts
the movant has provided.  As the Court stated in Ostreicher v.
Chase Bank USA, N.A., the counterstatement should be "confined
to material facts in dispute" from the movant's papers.  2020 WL
6809059, at *1 n.1.

But Plaintiffs' inclusion in the Counterstatement of broad
facts about the MWAP Policy, maintenance of inmates' records,
and the efficacy of certain medications instead supplies
"additional facts that are not in dispute" in every individual
case but that Plaintiffs appear to "think[] are important" for
the broader context of the Related Cases.  Id.  Although some of
these paragraphs in the Counterstatement likely do apply to each
Related Case and may provide the additional material facts that

Local Rule 56.1(b) permits, not all are sufficiently particularized to address the material facts of each Related Case and comport with Local Rule 56.1(b).

The Court takes Defendants' points that parties should not submit Rule 56.1 statements that are unduly long and consist of argument rather than facts.  Of course, Local Rule 56.1 specifically permits a party to file a "short and concise statement of . . . material facts."  Local Rule 56.1(b).

However, the Court declines to strike Plaintiff's Counterstatement for its length or for certain paragraphs that may present more argument than fact.  Despite "stretch[ing] the bounds of Rule 56.1(b)" with 159 paragraphs, this Court need not strike it merely based on its length.  Stollman v. Williams, 2023 WL 6294156, at *1 n.1 (S.D.N.Y. Sept. 27, 2023) (declining to strike "489 additional statements included in Plaintiffs' Rule 56.1 counterstatement").  Nor must the Court strike them for "contain[ing] improper legal conclusions" or "lack[ing] relevance themselves."  Id.

Instead, the Court directs the Plaintiff in the above-captioned case, and each Plaintiff in each Related Case, to re-file an amended Omnibus Opposition Brief.  Specifically, Plaintiffs shall remove from their Omnibus Opposition Brief each citation to paragraphs in the Counterstatement that are general to all Plaintiffs in the Related Cases, i.e., ¶¶ 1-97.  In the

13

amended Omnibus Opposition Brief, each Plaintiff shall replace
any such citation with a citation to the record in his
individual case or in Allen v. Koenigsmann, 19-cv-8173.  Each
Plaintiff may retain in his amended Omnibus Opposition Brief the
citations to those paragraphs in the Counterstatement that are
particular to the individual Plaintiffs, i.e., ¶¶ 98-159.
Plaintiffs shall not make any amendment to their Omnibus
Opposition Brief other than those explicitly set forth above.

    Defendants shall not be required to file statements
responding and objecting to Plaintiffs' Counterstatement.  To
the extent they wish to respond to Plaintiffs' Counterstatement
in support of their reply briefs, Defendants in the Related
Cases shall address only the paragraphs of the Counterstatement
that pertain to the specific Plaintiff in a particular case.
For example, Defendants in the above-captioned case shall only
respond to paragraphs 98-103 in the Counterstatement because
those are the only paragraphs that pertain specifically to
Plaintiff in the above-captioned case.  For the avoidance of
doubt, no Defendant shall include in his responding statement
any response or objection to paragraphs 1-97 of the
Counterstatement.

    Each Plaintiff shall have until February 20, 2024, to file
his amended Omnibus Opposition Brief.  Defendants shall have

until March 12, 2020, to file their reply briefs and any statement in response to Plaintiffs' Counterstatement.

IV.    **Conclusion**

For the foregoing reasons, Defendants' motions to strike are DENIED.  Each Plaintiff shall file his amended memorandum of law pursuant to the conditions set out above no later than February 20, 2024.  Defendants shall file their respective replies no later than March 12, 2024.  Defendants shall only respond to the portions of Plaintiffs' Counterstatement of facts pursuant to Local Rule 56.1 as specified above.

The Clerk of the Court shall close docket entries 46 and 49 in the above-captioned case.  The Clerk of the Court shall also docket this order in each of the following cases listed below and close each docket entry listed below.

- Daniels v. Mueller, 23-cv-5654; close docket entry 31.

- Dickinson v. Mueller, 23-cv-5657; close docket entry 30.

- Dockery v. Dinello, 23-cv-5658; close docket entries 47 and 50.

- Gradia v. Dinello, 23-cv-5660; close docket entry 36.

- Hernandez v. Mueller, 23-cv-5661; close docket entries 48 and 51.

- Knight v. Lee, 23-cv-5662; close docket entry 31.

- Mathis v. Mueller, 23-cv-5663; close docket entry 30.

- Pritchett v. Dinello, 23-cv-5664; close docket entry 33.

- <u>Rivera-Cruz v. Mueller</u>, 23-cv-5667; close docket entry 31.

- <u>Stewart v. Mueller</u>, 23-cv-5668; close docket entry 30.

**SO ORDERED.**

Dated:      February 2, 2024
            New York, New York

_____
LORETTA A. PRESKA
Senior United States District Judge